GARY M. RESTAINO
United States Attorney
District of Arizona
DAVID P. PETERMANN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: David.Petermann@usdoj.gov
Attorneys for Plaintiff

☒ FILED   ☐ LODGED

**Jun 18 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Nestor Hernandez-Morales,<br><br>                    Defendant. | CR-23-0285-TUC-SHR (EJM)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

<u>PLEA</u>

1.    The defendant agrees to plead guilty to counts 1, 2, and 3 of the Information, which charges the defendant with:

a.    <u>Count 1</u>: Possession with the Intent to Distribute a quantity of a mixture or substance that contains a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

b.    <u>Count 2</u>: Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

c.    <u>Count 3</u>:   Attempted Smuggling of Firearms to promote drug trafficking, in violation of 18 U.S.C. § 924(k)(2)(A).  The Indictment as to the defendant will be dismissed at sentencing.

<u>Elements of the Offense</u>

2.     The elements of the offenses are as follows:

a.     <u>Count 1</u>:  The defendant knowingly and intentionally possessed with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine to another person.  For sentencing purposes, the government would be required to prove approximately 6.5 kilograms of a mixture or substance that contained a detectable amount of methamphetamine.

b.     <u>Count 2</u>:  The defendant knowingly possessed a firearm in furtherance of a drug trafficking crime, as charged in count 1 of the Information.

c.     <u>Count 3</u>:  The defendant attempted to smuggle firearms from the United States into Mexico knowing or having reasonable cause to believe that such weapons would promote drug trafficking activities.

<u>Maximum Penalties</u>

3.     The defendant understands that the maximum penalties for the offenses to which he/she is pleading are:

a.     <u>Count 1</u>:  A fine of up to $1,000,000.00, a term of 20 years imprisonment, or both such term and fine, and a term of between 3 years and lifetime supervised release.

b.     <u>Count 2</u>:  A fine of up to $250,000, a term of imprisonment of 5 years consecutive to whatever term of imprisonment is imposed in Count 1, and a period of supervised release of up to 5 years.

c.     <u>Count 3</u>:  A fine of up to $250,000, a term of 15 years imprisonment, and a period of supervised release of up to 3 years.

4.     The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5.     Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count.  The special assessment is due and payable at the time the

defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

Drug Conviction & Immigration Consequences

6.    The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

7.    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

STIPULATIONS, TERMS AND AGREEMENTS

Agreements Regarding Sentencing

8.    <u>Stipulated Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following, non-exclusive list of guideline calculations apply to this case:

| | | |
|---|---|---|
| Base Offense Level for count 1 (6.5 kg mixed methamphetamine) | 2D1.1(c)(5) | 30 |
| Average Participant | 3B1.1/3B1.2 | 0 |

- 3 -

9.     Safety Valve: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant does not meet the eligibility requirement for Safety Valve treatment, pursuant to the United States Sentencing Guidelines §§ 2D1.1(b)(18) and 5C1.2(a) and 18 U.S.C. § 3553(f).

10.     Recommendation: Acceptance of Responsibility. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

11.     Stipulated Sentence: Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and 18 U.S.C. § 3553(a), the parties agree that the defendant shall receive an aggregate sentence of between 66 months to 120 months imprisonment as to all three counts in the Information. Either party may argue any guideline application issues (not otherwise stipulated to), departures, or for a variance in support of sentence within the stipulated sentence range. Neither party may argue for a sentence outside of the stipulated guideline range.

a. The defendant shall have the right to withdraw from the agreement if he is sentenced to more than 120 months imprisonment. The government shall have the right to withdraw from the agreement if the defendant is sentenced to less than 66 months imprisonment.

12.     The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

13.    The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

14.    The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

15.    If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

16.    <u>Forfeiture, Civil, and Administrative Proceedings</u>

a.    Defendant acknowledges the foregoing assets have been administratively forfeited by the Department of Homeland Security, U.S. Customs and Border Protection, and Bureau of Alcohol, Tobacco, Firearms and Explosives:

| Line # | Asset Description | Serial Number |
| --- | --- | --- |
| 1 | $38,563.00 in U.S. currency, | N/A, |
| 2 | FN Scar, model 17s, 7.62x51 caliber rifle, | HC27017, |
| 3 | Remington, model 700, 6.5 Creedmore caliber bolt action rifle, | RR40717M, |
| 4 | Anderson, model AM 15, multi caliber rifle, | 21115521, |
| 5 | Ruger, model Security, .380 caliber pistol, | 385-87881, |
| 6 | Rock Island Armory, model 1911, .38 caliber pistol, | RIA1022435, |
| 7 | Glock, model 19, 9mm caliber pistol, | BUHR017, |
| 8 | Smith and Wesson, model 22, .22 caliber pistol, | HJM9704, |

| 9 | Jimenez Arms, model JA 22, .22 caliber pistol, | 1165275, |
| 10 | Beretta, Pietro S.P.A 92FS, 9mm caliber pistol, | E55925Z, |
| 11 | Girsan Regard MC 9mm caliber pistol, | T6368-22A00921. |

b.     The defendant also agrees to abandon any and all interest the defendant has, if any, in the Barrett, model 82A1, .50 caliber semi-automatic rifle and FN, model M249, 5.56x45mm, belt fed rifle seized during the investigation of the case.

c.     Defendant knowingly and voluntarily waives all constitutional, legal and equitable defense to the forfeiture and abandonment of the assets in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture and abandonment of the assets by the United States. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

d.     Defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, abandonment, or destruction of the above-listed assets.

e.     Defendant knowingly and voluntarily agrees and understands the administrative forfeiture and abandonment of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant.

f.     Defendant further agrees and understands that the government will dispose of the assets as authorized by law, which may include destruction of the seized items. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

g.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

### Waiver of Defenses and Appeal Rights

17.    The defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Reinstitution of Prosecution

18.     Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement.  In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement.  Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated.  In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.  The defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

Plea Addendum

19.     This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be

- 8 -

1   giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and

2   compel the attendance of witnesses; to present evidence in my defense; to remain silent

3   and refuse to be a witness against myself by asserting my privilege against self-

4   incrimination; all with the assistance of counsel; to be presumed innocent until proven

5   guilty beyond a reasonable doubt; and to appeal.

6       I agree to enter my guilty plea as indicated above on the terms and conditions set

7   forth in this agreement.

8       I have been advised by my attorney of the nature of the charge to which I am entering

9   my guilty plea. I have been advised by my attorney of the nature and range of the possible

10  sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the

11  sentence the court imposes.

12      My guilty plea is not the result of force, threats, assurances or promises other than

13  the promises contained in this agreement. I agree to the provisions of this agreement as a

14  voluntary act on my part, rather than at the direction of or because of the recommendation

15  of any other person, and I agree to be bound according to its provisions. I agree that any

16  Sentencing Guidelines range referred to herein or discussed with my attorney is not binding

17  on the Court and is merely an estimate.

18      I agree that this written plea agreement contains all the terms and conditions of my

19  plea and that promises made by anyone (including my attorney) that are not contained

20  within this written plea agreement are without force and effect and are null and void.

21      I am satisfied that my defense attorney has represented me in a competent manner.

22      I am not now on or under the influence of any drug, medication, liquor, or other

23  intoxicant or depressant, which would impair my ability to fully understand the terms and

24  conditions of this plea agreement.

25                          Factual Basis and Relevant Conduct

26      I further agree that the following facts accurately describe my conduct in connection

27  with the offense to which I am pleading guilty and that if this matter were to proceed to

28  trial the government could prove the elements of the offense beyond a reasonable doubt,

but this is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

On or about February 1, 2023, within my residence, in the District of Arizona, I, Nestor Hernandez-Morales possessed with the intent to distribute approximately 6.5 kilograms of a mixture or substance that contained a detectable amount of methamphetamine. During the time I possessed the methamphetamine, I also possessed a Beretta, model 92FS Compact, 9mm caliber pistol, bearing serial number E5592gz. I possessed this firearm to protect myself while I traveled as well as to protect the drugs, weapons, ammunition, and other contraband, I had in my residence.

On February 1, 2023, at or near Casa Grande, in the District of Arizona, I Nestor Hernandez also had made arrangements with individuals who had agreed to sell me a Barrett, model 82A1, .50 caliber semi-automatic rifle, and a FN, model M249, 5.56x45mm caliber, belt-fed rifle for $26,000. I intended to purchase these weapons because they were requested by certain individuals involved in drug trafficking organizations in Mexico and I knew these guns were valuable to promote and support these organizations' efforts to distribute narcotics. I made a substantial step to accomplishing the smuggling of these weapons to Mexico by paying $26,000 to the men I had made arrangements with and securing possession of the two rifles prior to my arrest.

05/61/24
Date

Nestor M
Nestor Hernandez-Morales
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and, on the terms, and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure

1    that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R.

2    Crim. P.

3

4    _05/01/24_

5    Date                                    Ed Hamel

6                                            Attorney for Defendant

7                        GOVERNMENT'S APPROVAL

8        I have reviewed this matter and the plea agreement. I agree on behalf of the United

9    States that the terms and conditions set forth are appropriate and are in the best interests of

10   justice.

11                                           GARY M. RESTAINO
                                             United States Attorney
12                                           District of Arizona

13                                           Digitally signed by DAVID PETERMANN
                                             Date: 2024.02.09 11:20:03 -07'00'
14   Date                                    David P. Petermann
15                                           Assistant U.S. Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28